T.C. Summary Opinion 2010-160


UNITED STATES TAX COURT


JACK ELLIOTT ROSENSTEIN, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 336-10S.                    Filed October 27, 2010.


Jack Elliott Rosenstein, pro se.

John M. Janus, Anne D. Melzer, and Christopher Tyrpak
(student), for respondent.


RUWE, Judge: This case was heard pursuant to the provisions
of section 7463[1] of the Internal Revenue Code in effect when the
petition was filed. Pursuant to section 7463(b), the decision to

---

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year at issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $2,186 deficiency in petitioner's 2007 Federal income tax and a $19.20 addition to tax under section 6651(a)(1). Petitioner did not contest the addition to tax. The issues for decision are: (1) Whether petitioner is entitled to a dependency exemption deduction; (2) whether petitioner is entitled to the child tax credit; and (3) whether petitioner is entitled to head of household filing status.

## Background

Some of the facts have been stipulated and are so found. Petitioner resided in New York when the petition was filed.

Petitioner claimed his son, B.R.,[2] as a dependent on his 2007 Federal income tax return. Petitioner also claimed a $1,000 child tax credit based on B.R. and also claimed head of household filing status for 2007.

Petitioner is B.R.'s father and is divorced from B.R.'s mother. During 2007 B.R. lived at petitioner's house no more than 104 days. For the remainder of the year B.R. resided with his mother. Petitioner admitted that he was not B.R's custodial parent during 2007.

---

[2]The Court refers to minor children by their initials. See Rule 27(a)(3).

Pursuant to petitioner's 2002 judgment of divorce, petitioner was entitled to claim B.R. as a dependent until his ex-wife's income reached $20,000. When her income reached $20,000, petitioner and his ex-wife were directed by the judgment of divorce to claim B.R. as a dependent in alternate years. Petitioner testified that since his ex-wife never provided him with a copy of her income tax return, petitioner "assumed" that she was not making $20,000 per year.

Petitioner did not attach to his 2007 Federal income tax return a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, or any other signed declaration from B.R.'s mother stating that she would not claim B.R. as a dependent for 2007.

## Discussion

As a general rule, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

## Dependency Exemption Deduction

Section 151(c) allows a taxpayer to deduct an annual exemption amount for each dependent as defined in section 152. A dependent is either a qualifying child or a qualifying relative. Sec. 152(a). A qualifying child for purposes of the exemption must meet four requirements under section 152(c). One of those

requirements is that the individual claimed as a dependent have the same principal place of abode as the taxpayer for more than one-half of such taxable year. B.R. did not have the same principal place of abode as petitioner during 2007; therefore, B.R. is not petitioner's qualifying child under section 152(c).

Section 152(e), however, provides a special rule for the children of divorced parents. Section 152(e)(2) provides that the child will be treated as a qualifying child if the custodial parent signs a written declaration that such custodial parent will not claim the child as a dependent. In addition, the noncustodial parent must attach the written declaration to the noncustodial parent's return for the taxable year. No such declaration was made by B.R.'s mother, and no Form 8332 was attached to petitioner's 2007 Federal income tax return as required by section 152(e)(2). In Miller v. Commissioner, 114 T.C. 184, 190 (2000), this Court stated that satisfying the signature requirement is critical to the successful release of the dependency exemption within the meaning of section 152(e)(2).

As to whether B.R. could be a qualifying relative, we find that B.R. is not a qualifying relative of petitioner under section 152(d) because that term requires that B.R. not be a qualifying child of someone else and, as indicated by the facts, B.R. is a qualifying child of his mother within the meaning of

section 152(c). We therefore hold that petitioner is not entitled to a dependency exemption deduction for B.R.

## Child Tax Credit

Section 24(a) authorizes a tax credit with respect to each qualifying child of the taxpayer. The term "qualifying child" means a qualifying child of the taxpayer as defined in section 152(c) or (e) who has not attained age 17. Sec. 24(c). We have already held that B.R. is not a qualifying child of petitioner under either subsection (c) or (e). Therefore, petitioner is not entitled to the child tax credit.

## Head of Household Filing Status

In order to qualify as a head of household under section 2(b), an individual must maintain as his home a household which constitutes for more than one-half of the taxable year the principal place of abode of a "qualifying child" as defined in section 152(c). Petitioner's claim to head of household filing status is based on his son, B.R. Since we have already held that B.R. is not petitioner's qualifying child under section 152(c), petitioner is not entitled to head of household filing status.

We have considered all of the parties' contentions, and, to the extent not addressed herein, we conclude those contentions are either without merit or unnecessary to the resolution of the issues in this case.

To reflect the foregoing,

Decision will be entered

for respondent.